JUDGE SAND

**07 CIV 9908**

CHALOS, O'CONNOR & DUFFY LLP
Attorneys for Plaintiff,
BRAVE BULK TRANSPORT LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRAVE BULK TRANSPORT LTD.
                Plaintiff,

                v.

THE TRADE MINISTRY OF THE REPUBLIC
OF IRAQ and THE GRAIN BOARD OF IRAQ,

                Defendants.
------------------------------------------------------------x

07 CIV.

**VERIFIED COMPLAINT**



NOV 0 9 2007
U.S.D.C. S.D.N.Y.
CASHIERS

        Plaintiff, BRAVE BULK TRANSPORT LTD., by its attorneys, CHALOS, O'CONNOR & DUFFY LLP, as and for its Verified Complaint against defendants, THE TRADE MINISTRY OF THE REPUBLIC OF IRAQ and THE GRAIN BOARD OF IRAQ, alleges upon information and belief as follows:

## JURISDICTION

        FIRST:    The Court has subject matter jurisdiction because the complaint sets forth an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this matter also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

SECOND:          At all times material hereto, plaintiff BRAVE BULK TRANSPORT LTD. (hereinafter referred to as "BRAVE BULK"), was and still is a foreign corporation or other business entity duly organized and existing pursuant to the laws of Malta with a head office and principal place of business at 147/1 St. Lucia, Valetta, Malta and a representative office in Athens, Greece.

THIRD:          At all times material hereto, plaintiff BRAVE BULK was the disponent owner of the ocean-going vessel known as the M/V SEA PRIDE, which vessel plaintiff BRAVE BULK used to carry cargo belonging to others in exchange for payments of freight.

FOURTH:          Upon information and belief, and at all times hereto, the defendant THE TRADE MINISTRY OF THE REPUBLIC OF IRAQ (hereinafter referred to as "TMRI") was a commercial entity created under the laws of Iraq with offices and a principal place of business in Baghdad, Iraq.

FIFTH:          Upon information and belief, and at all times hereto, the defendant THE GRAIN BOARD OF IRAQ (hereinafter referred to as "IGB") was and is a commercial entity that is a department or otherwise subset of the TMRI, with the authority to control shipments of goods as well as to enter into contracts for the import of goods such that it is the procurement arm of TMRI and it engages in commercial activity

insofar as it purchases cargoes of grain and charters vessels to carry such grain cargoes to Iraq.

SIXTH:     Defendants TMRI and IGB charter numerous ocean going vessels to import various commodities to Iraq.

## AS AND FOR A FIRST CAUSE OF ACTION
## BREACH OF THE CHARTER-PARTY FOR THE VESSEL MV SEA PRIDE

SEVENTH:     Pursuant to a charter-party dated May 16, 2006, defendant, TMRI chartered the vessel M/V SEA PRIDE from plaintiff BRAVE BULK whereby the M/V SEA PRIDE would carry 50,000 metric tons of wheat from Germany to Iraq in exchange for the payment of freight.

EIGHTH:     The charter-party dated May 16, 2006 is a maritime contract, which the parties freely negotiated.

NINTH:     In accordance with the terms and conditions of the charter party dated May 16, 2006, i.e. the CENTROCON Arbitration Clause, the parties agreed that any and all disputes arising out of the contract would be resolved by arbitration in London.

TENTH:           On June 26, 2006, a cargo of 50,205.305 metric tons of wheat was shipped on board the M/V SEA PRIDE at the Port of Hamburg, Germany, and the cargo was safely carried to Iraq for delivery to the defendants.

ELEVENTH:        When the cargo was shipped on board the M/V SEA PRIDE, the bills of lading identified the receivers of the cargo to be "Ministry of Trade/Grain Board of Iraq", the bills of lading incorporated the terms of the charter party dated May 16, 2006 and, therefore, IGB was bound to the terms of the charter party just the same as was TMRI.

TWELFTH:         The M/V SEA PRIDE arrived at Umm Qasar, Iraq on July 19 2006, and the vessel's Notice of Readiness to discharge the cargo was accepted by TMRI / GBI on July 20, 2006.

THIRTEENTH:      In accordance with the terms and conditions of the charter party dated May 16, 2006, the defendants were permitted a certain amount of agreed laytime for which to discharge the cargo from the M/V SEA PRIDE.

FOURTEENTH:      In accordance with the terms and conditions of the charter party dated May 16, 2006, if the defendants did not discharge the vessel within the allowed laytime, then the defendants would become liable for extended freight commonly known as demurrage which was payable at the rate of $25,000.00 per day to the plaintiff.

4

FIFTEENTH: The M/V SEA PRIDE was not discharged by the defendants within the allowed laytime, and the defendants delayed or otherwise wrongfully detained the vessel.

SIXTEENTH: The defendants TIMR / IGB breached the charter party dated May 16, 2006 in a number of respects, including, but not limited to: failing to pay the full freight; failing to arrange for the prompt discharge of the vessel; and, failing to discharge the vessel in a reasonable amount of time.

SEVENTEENTH: Upon information and belief, the reason for the defendants' failure to discharge the vessel was because the defendant IGB was refusing to accept the cargo.

EIGHTEENTH: As an initial response to the defendants' breaches of the charter and failure to discharge the M/V SEA PRIDE and while the M/V SEA PRIDE was still at Umm Qasar waiting to discharge, the plaintiff BRAVE BULK initiated arbitration proceedings on October 24, 2006 against TMRI in London, England seeking to recover damages in the amount of US$2,065,640.14 for demurrage, US$190,780.16 for unpaid freight, for total damages of US$2,256,420.30, and an additional sum to cover attorneys' fees, costs and interest which are recoverable in London Arbitration.

NINETEENTH: In response to the initial demand for arbitration, it appeared that the defendants were prepared to defend the claims set forth in paragraph Seventeenth and, therefore, the plaintiff Brave Bulk obtained an order from the English High Court in London permitting it to sell the cargo of wheat.

TWENTIETH: However, in November of 2006 and before the M/V SEA PRIDE sailed from Umm Qasar so that the cargo could be sold, the defendants announced that they were prepared to discharge the cargo at Umm Qasar and, by mutual agreement between Brave Bulk and the defendants, the arbitration proceedings in London were temporarily stayed to facilitate the discharge of the cargo at Umm Qasar.

TWENTY-FIRST: On November 19, 2006, the defendants began discharging their cargo of wheat from the M/V SEA PRIDE at Umm Qasar.

TWENTY-SECOND: On November 29, 2006, the defendants had discharged all of the wheat cargo from the M/V SEA PRIDE, but for the cargo that was carried in cargo hold #6.

TWENTY-THIRD: The M/V SEA PRIDE remained at Umm Qasar, with cargo still onboard until December 26, 2006 when the defendants ordered the M/V SEA PRIDE to sail to Kuwait for the discharge of the remainder of the cargo.

TWENTY-FOURTH:       The M/V SEA PRIDE sailed for Kuwait, and the remainder of the wheat cargo was discharged there.

TWENTY-FIFTH:       By reason of the premises set forth herein, the defendants TIMR / IGB breached the charter party dated May 16, 2006 in a number of respects, including, but not limited to: failing to pay the full freight; failing to arrange for the prompt discharge of the vessel; failing to discharge the vessel in a reasonable amount of time; wrongfully detaining the M/V SEA PRIDE at Umm Qasar and causing the plaintiff Brave Bulk to incur numerous extra liabilities and expenses which were a direct and proximate consequence of the defendants' breaches of their obligations under the charter party, the bills of lading and general principles of maritime law.

TWENTY-SIXTH:       As a consequence of the defendants' failure to pay the full freight, the plaintiff Brave Bulk claims damages for non-payment of freight in the amount of $190,780.16.

TWENTY-SEVENTH:       As a consequence of the defendants' failure to discharge the M/V SEA PRIDE within the allowable laytime at Umm Qasar, the plaintiff claims for demurrage damages in the amount of US$4,120,240.84.

TWENTY-EIGHTH:       As a consequence of the defendants' breaches of the charter party and wrongful detention of the M/V SEA PRIDE, the plaintiff claims for damages with respect to extra expenses that were incurred for the vessel's call at Kuwait

in the amount of $593,904.00, of which $432,668.00 has been paid by TMRI / GBI and, therefore, the claim for extra expenses amounts to US$131,236.00.

TWENTY-NINTH: Incidental to the delays and wrongful detention of the M/V SEA PRIDE, the plaintiff BRAVE BULK claims for additional insurance premiums paid, the cost of which totaled US$156,352.11.

THIRTIETH: Incidental to the delays and wrongful detention of the M/V SEA PRIDE, the vessel required extra fuel oil and diesel oil and the plaintiff has a claim against the defendant for the cost of that fuel in the amounts of $70,185.85 and $242,497.50 respectively for a total of US$312,683.35.

THIRTY-FIRST: Incidental to the delays and wrongful detention of the M/V SEA PRIDE, the plaintiff Brave Bulk claims for miscellaneous expenses accrued for agents, superintendents, cleaning, cargo inspection, and other associated in the amount of $75,776.81 and legal fees in the amount of $500,000.00 that would not have been incurred, but for the defendants' breach of the charter party and wrongful detention of the M/V SEA PRIDE and such amounts are, therefore, recoverable damages.

THIRTY-SECOND: In addition, on July 19, 2007, BRAVE BULK received a claim submission from the registered Owner of the M/V SEA PRIDE, Malcon Navigation Ltd., whereby Malcon Navigation Ltd. asserted a claim against Brave Bulk

for hire and/or damages arising from the delay and detention of the M/V SEA PRIDE at Umm Qasar by the defendants.

THIRTY-THIRD:   The Plaintiff BRAVE BULK would not be subject to any claim from Malcon Navigation in respect of hire and/or damages, but for the breaches of TMRI / GBI and the wrongful detention of the M/V SEA PRIDE at Umm Qasar and, therefore, pursuant to the terms of the Charter Party dated May 16, 2006, the defendants are liable to plaintiff Brave Bulk in respect of the claim asserted by Malcon Navigation Ltd. in the amount of US$1,482,210.00.

THIRTY-FOURTH:   The total sum of BRAVE BULK's above-listed damages is US$6,969,277.91, which will be claimed in London arbitration.

THIRTY-FIFTH:   Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings. As best as can be estimated, Brave Bulk expects to recover the following amounts in London arbitration:

| | |
|---|---|
| On the principal claim: | $6,971,279.21 |
| 3 years interest at 5%: | $1,045,691.80, and |
| Arbitration Costs: | $ 250,000.00. |
| Total Claim: | $8,266,971.01. |

THIRTY-SIXTH:   The plaintiff Brave Bulk is now preparing to reinstate and resume the arbitration in London against the defendants and, therefore, the

merits of plaintiff Brave Bulk's claims against the defendants will be decided by the arbitrators in London.

## PRAYER FOR RELIEF

THIRTY-SEVENTH: Notwithstanding the fact that the liability of the defendants TMRI and IGB to plaintiff is subject to determination by a London arbitration panel, upon information and belief, there are now, or will be during the pendency of this action, certain assets belonging to the defendant, including among other things, payments for goods or services and the like being made by or being made to the defendants, in the form of payments that are being electronically transferred through New York, and which are located in this District in the possession of intermediary banks who are garnishees with respect to this action.

THIRTY-EIGHTH: Defendants TMRI / GBI cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

THIRTY-NINTH: Because this Verified Complaint sets form an *in personam* maritime claim against the defendants TMRI / GBI and because the defendants TMRI / GBI cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the requirements for a Rule B Maritime attachment and garnishment are met and plaintiffs seeks the issuance of process of maritime attachment so that it may obtain security for its

claims against TMRI / GBI and/or *quasi in rem* jurisdiction over the property of the defendant so that an eventual judgment can be satisfied.

WHEREFORE, Plaintiff prays as follows:

1. That defendants TMRI / GBI be summoned to appear and answer this Complaint;

2. That defendants TMRI / GBI, not being found within this District, as set forth in the Affidavit of Owen F. Duffy, all of their certain assets, accounts, freights, monies, credits, effects, payments for cargo, goods or services and the like belonging to or claimed by the Defendant within this District, up to the amount sued for herein, $8,266,971.01, be attached pursuant to Supplemental Rule B and that the same be attached to pay plaintiffs' damages;

3. That this Court retain jurisdiction over this matter through the entry of a judgment either by this Court, and/or an award by London arbitration, and/or entry of a judge by the courts of England, so that judgment may be entered in favor of Plaintiff for the amount of its claim, i.e. $8,266,971.01, including interest and costs, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of plaintiffs' claim, plus interest and costs to be paid out of the proceeds thereof; and,

4. That plaintiff have such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
November 9, 2007

CHALOS, O'CONNOR & DUFFY
Attorneys for Plaintiffs
BRAVE BULK TRANSPORT LTD.

By: _____
Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel:    516-767-3600
Telefax: 516-767-3605

George E Murray
GM4172

CHALOS, O'CONNOR & DUFFY LLP
Attorneys for Plaintiff,
BRAVE BULK TRANSPORT LTD.
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BRAVE BULK TRANSPORT LTD.
                Plaintiff,

                         07 CIV.

        v.

                        **VERIFICATION OF**
THE TRADE MINISTRY OF THE REPUBLIC    **COMPLAINT**
OF IRAQ and THE GRAIN BOARD OF IRAQ,
                Defendants.
------------------------------------------------------------x

      Pursuant to 28 U.S.C. § 1746, ~~OWEN F. DUFFY~~ George E. Murray, Esq., declares under the penalty of perjury:

    1.     I am associated with the law firm of Chalos, O'Connor & Duffy, attorneys for the Plaintiff BRAVE BULK TRANSPORT LTD., herein;

    2.     I have read the foregoing complaint and knows the contents thereof; and

    3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its underwriters and attorneys. The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       November 8, 2007

                                  CHALOS, O'CONNOR & DUFFY, LLP
                                  Attorneys for Plaintiff
                                  BRAVE BULK TRANSPORT LTD.

By: _____
        Owen F. Duffy (OD-3144)
        George E. Murray (GM-4172)
        366 Main Street
        Port Washington, New York 11050
        Tel: (516) 767-3600 / Fax: (516) 767-3605