NOURSE & BOWLES, LLP
Attorneys for Defendants
THE MINISTRY OF TRADE OF
THE REPUBLIC OF IRAQ and
THE GRAIN BOARD OF IRAQ
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BRAVE BULK TRANSPORT LTD.

         Plaintiff,

    -against-

THE TRADE MINISTRY OF THE
REPUBLIC OF IRAQ and THE GRAIN
BOARD OF IRAQ,

         Defendants.
-----------------------------------------------------------X

07 Civ. 9908 (LBS)

**RESTRICTED APPEARANCE
AND ANSWER TO
VERIFIED COMPLAINT**

Defendants The Ministry of Trade of The Republic of Iraq ("MOT") (sued herein as The Trade Ministry of The Republic of Iraq), and The Grain Board of Iraq ("GBI") (also hereafter collectively referred to as "Defendants," without prejudice to the Defendants' position that the correct Defendant is the MOT of which the GBI forms part), by their attorneys Nourse & Bowles, LLP, in answer to the Verified Complaint of Plaintiff Brave Bulk Transport Ltd. ("Brave Bulk")

allege upon information and belief as follows. This is a restricted appearance pursuant to Rule E (8) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and is expressly restricted to the defense of such claim, and is not an appearance for the purposes of any other claim.

## JURISDICTION

1. Defendants admit that this is an admiralty and maritime claim within the meaning of Rule 9 (h) of the Federal Rules of Civil Procedure. They deny the remaining allegations contained in paragraph "FIRST'" of the Verified Complaint. Defendants aver that subject matter jurisdiction is lacking by virtue of 28 U.S.C. § 1602, et. seq., known as the "Foreign Sovereign Immunities Act" (hereafter "FSIA") as the Defendants, or each of them, constitute a "foreign state" or "political subdivision of a foreign state," that no jurisdictional exceptions under the FSIA apply, and that subject matter jurisdiction is controlled by the application of FSIA to these parties to the exclusion of all other bases for subject matter jurisdiction.

## THE PARTIES

2. They deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "SECOND" of the Verified Complaint.

3. They deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "THIRD" of the Verified Complaint.

4. They deny the allegations set forth in paragraph "FOURTH" of the Verified Complaint.

5. They admit that GBI is a department or otherwise subset of MOT. They deny the remaining allegations contained in paragraph "FIFTH" of the Verified Complaint.

6. They admit that defendant MOT is the charterer of the vessel M/V SEA PRIDE and charters vessels. They deny the remaining allegations contained in paragraph "SIXTH" of the Verified Complaint.

### ANSWERING THE FIRST CAUSE OF ACTION

7. They admit that MOT chartered the M/V SEA PRIDE. They deny the remaining allegations contained in paragraph "SEVENTH" of the Verified Complaint.

8. They admit that the charter party is a maritime contract. They deny the remaining allegations contained in paragraph "EIGHTH" of the Verified Complaint.

9. They admit that the charter party contained an arbitration clause providing for London arbitration, and refer to the wording of that clause for the specific terms and conditions. They deny the remaining allegations contained in paragraph "NINTH" of the Verified Complaint.

10. They deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TENTH" of the Verified Complaint.

11. They admit that a bill of lading was issued and refer to the document itself for the terms and conditions thereof. They deny the remaining allegations contained in paragraph "ELEVENTH" of the Verified Complaint.

12. They admit that the vessel arrived at Umm Qasr, Iraq. They deny the remaining allegations contained in paragraph "TWELFTH" of the Verified Complaint.

13. They admit that the charter party contained laytime provisions, and refer to the wording of the charter party for the specific terms and conditions. They deny the remaining allegations contained in paragraph "THIRTEENTH" of the Verified Complaint.

14. They admit that the charter party contained demurrage provisions, and refers to the wording of the charter party for the specific terms and conditions.

They deny the remaining allegations contained in paragraph "FOURTEENTH" of the Verified Complaint.

15. They deny the allegations contained in paragraph "FIFTEENTH" of the Verified Complaint.

16. They deny the allegations contained in paragraph "SIXTEENTH" of the Verified Complaint.

17. They deny the allegations contained in paragraph "SEVENTEENTH" of the Verified Complaint.

18. They admit that Plaintiff initiated arbitration proceedings in London against MOT and served Claim Submissions on MOT dated 24th October 2006 for the specific sums indicated plus interest and costs. They deny the remaining other allegations contained in paragraph "EIGHTEENTH" of the Verified Complaint.

19. They admit that MOT was and still is prepared to defend the claims in London arbitration, and that the order for sale was obtained from the High Court against MOT on 4th October 2006 but never executed against the cargo on board the vessel. They deny that GBI was a party to the charter and further deny GBI is a Respondent to the subject arbitration. They further deny knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "NINETEENTH" of the Verified Complaint.

20. They deny the allegations contained in paragraph "TWENTIETH" of the Verified Complaint.

21. They admit that cargo was discharged. They deny the remaining allegations contained in paragraph "TWENTY-FIRST" of the Verified Complaint.

22. They admit that part of the cargo was discharged. They deny the remaining allegations contained in paragraph "TWENTY-SECOND" of the Verified Complaint.

23. They admit that the vessel sailed from Umm Qasr with cargo still aboard. They deny the remaining allegations contained in paragraph "TWENTY-THIRD" of the Verified Complaint.

24. They admit the Vessel sailed to Kuwait and discharged cargo but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY-FOURTH" of the Verified Complaint.

25. They deny the allegations contained in paragraph "TWENTY-FIFTH" of the Verified Complaint.

26. They deny the allegations contained in paragraph "TWENTY-SIXTH" of the Verified Complaint.

27. They deny the allegations contained in paragraph "TWENTY-SEVENTH" of the Verified Complaint.

28. They deny the allegations contained in paragraph "TWENTY-EIGHTH" of the Verified Complaint.

29. They deny the allegations contained in paragraph "TWENTY-NINTH" of the Verified Complaint.

30. They deny the allegations contained in paragraph "THIRTIETH" of the Verified Complaint.

31. They deny the allegations contained in paragraph "THIRTY-FIRST" of the Verified Complaint.

32. The admit that, as part of the arbitration proceeding between MOT and Brave Bulk, Brave Bulk claimed that Malcon Navigation Ltd. made a claim against Brave Bulk but, except as specifically admitted, they deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRTY-SECOND" of the Verified Complaint.

33. They deny the allegations contained in paragraph "THIRTY-THIRD" of the Verified Complaint

34. They deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRTY-FOURTH" of the Verified Complaint.

35. They deny the allegations contained in paragraph "THIRTY-FIFTH" of the Verified Complaint.

36. They admit that the merits of this dispute are subject to London arbitration and Plaintiff Brave Bulk has served Re-Amended Claims Submissions against MOT in January 2008. They deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "THIRTY-SIXTH" of the Verified Complaint.

### ANSWERING THE PRAYER FOR RELIEF

37. They deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRTY-SEVENTH" of the Verified Complaint.

38. They deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRTY-EIGHTH" of the Verified Complaint.

39. They deny the allegations contained in paragraph "THIRTY-NINTH" of the Verified Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

40. Defendants or each of them are a "foreign state" or "political subdivision of a foreign state" within the meaning of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, et. seq. ("FSIA") and are entitled to all rights and defenses set forth in the FSIA, including but not limited to immunity from jurisdiction, immunity from pre-judgment attachment, and immunity from post-judgment attachment. Accordingly, the Verified Complaint should be dismissed and the attachment vacated.

### SECOND AFFIRMATIVE DEFENSE

41. This Court lacks subject matter jurisdiction pursuant to the provisions of the FSIA and 28 U.S.C. § 1330 and the Verified Complaint should be dismissed and the attachment vacated.

### THIRD AFFIRMATIVE DEFENSE

42. This Court lacks personal jurisdiction over these Defendants pursuant to the provisions of the FSIA and 28 U.S.C. 1330, or each of them, and the Verified Complaint should be dismissed and the attachment vacated.

## FOURTH AFFIRMATIVE DEFENSE

43. The Verified Complaint should be dismissed and the attachment should be vacated because service of process was not properly effected pursuant to the provisions of the FSIA, or otherwise.

## FIFTH AFFIRMATIVE DEFENSE

44. Plaintiff is not entitled to pre-judgment attachment of property in the United States belonging to Defendants, or either of them, pursuant to the provisions of the FSIA and the attachment should be vacated.

## SIXTH AFFIRMATIVE DEFENSE

45. The claims made by Plaintiff which are the subject of the Verified Complaint are arbitrable disputes within the scope of the arbitration clause contained in the relevant charter party governing the shipment which is the subject of this action. Said arbitration clause refers any and all disputes to London arbitration. Accordingly, the Verified Complaint should be dismissed and MOT reserves all rights to arbitrate said claims alleged in the Verified Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

46. The Verified Complaint fails to state a cause of action against Defendants, or either of them, upon which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE

47. This Court lacks personal jurisdiction over these Defendants.

### NINTH AFFIRMATIVE DEFENSE

48. The Verified Complaint should be dismissed and the attachment vacated for forum non conveniens and improper venue.

### TENTH AFFIRMATIVE DEFENSE

49. This Court lacks subject matter jurisdiction over this action and the Verified Complaint should be dismissed and the attachment vacated.

### ELEVENTH AFFIRMATIVE DEFENSE

50. The Verified Complaint should be dismissed because service of process was not properly effected.

### TWELFTH AFFIRMATIVE DEFENSE

51. Defendants reserve the right to demand a prompt hearing pursuant to Rule E (4)(f) of the Supplement Rules For Admiralty And Maritime Claims of the Federal Rules of Civil Procedure at which Plaintiff shall be required to show why the attachment should not be vacated or other relief granted consistent with said rules.

### THIRTEENTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims which are the subject of the Verified Complaint arise under a charter party between Plaintiff and Defendant MOT dated May 16, 2006 and MOT claims the benefit of all rights and defenses set forth in said charter party, including the right to arbitrate said claims in London pursuant to the arbitration clause of the charter party.

### FOURTEENTH AFFIRMATIVE DEFENSE

53. Plaintiff's claim for indemnity in respect of an alleged third party claim by Malcon Navigation in the amount of $1,482,210 is wholly contingent and premature and, as such, does not qualify as a valid maritime claim for purposes of Rule B attachment and garnishment.

### FIFTEENTH AFFIRMATIVE DEFENSE

54. In the alternative, in the event GBI is not entitled to immunity from suit or attachment under the FSIA, which is denied, Defendant GBI is an improper party to the subject complaint as the Plaintiff lacks privity of contract with GBI, GBI was not the charterer of the vessel, and is not a party to the pending London arbitration. Accordingly, the action must be dismissed as to GBI, the attachment of any funds belonging to GBI must be vacated and the funds released.

WHEREFORE, Defendants demand that judgment be entered dismissing the Verified Complaint in its entirety and awarding Defendants costs and reasonable attorneys' fees and any such further and different relief that the Court deems appropriate.

Dated:    New York, New York
          January 25, 2008

> NOURSE & BOWLES, LLP
> Attorneys for Defendants
> The Ministry of Trade of
> The Republic of Iraq and
> The Grain Board of Iraq
>
> By: *Michael C. Crowley*
> Michael E. Crowley (MC 7713)
> One Exchange Plaza
> At 55 Broadway
> New York, NY 10006
> (212) 952-6200

TO:

CHALOS, O'CONNOR & DUFFY
Attorneys for Plaintiff
Brave Bulk Transport Ltd.
366 Main Street
Port Washington, NY 11050
(516) 767-3600

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

JULIA M. MOORE, being duly sworn, deposes and says:

I am an associate of the firm of Nourse & Bowles, LLP, attorneys for Defendants herein and I have read the foregoing Restricted Appearance and Answer to Verified Complaint and know the contents thereof and that the same are true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The source of my information is documents, records and other information submitted to me on behalf of the Defendants.

This Verification is made by me because Defendants, or each of them, are a foreign state or a political subdivision of a foreign state.

_____
Julia M. Moore

Sworn to before me this
25 day of January, 2008

_____
Notary Public

MARY T. BANNON
Notary Public, State of New York
No. 01BA4785995
Qualified in New York County
Commission Expires February 28, 2010

14